IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ORLANDES NICOLE NICKSION,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 15-cv-1143-pp

**ORDER SCREENING PETITION AND DISMISSING THE CASE FOR LACK OF JURISDICTION**

On September 22, 2015, the petitioner filed a petition for writ of *audita querela* in his criminal case. See United States v. Nicksion, Case No. 05-CR-146; Dkt. No. 782. The court interpreted the pleading as a petition for *habeas* relief under 28 U.S.C. §2255, and directed the clerk's office to file the pleading as a §2255 petition in a civil case. Dkt. No. 783. That same day, the clerk's office opened Nicksion v. United States, Case No. 15-CV-1143, and filed the petition as a §2255 motion to vacate, set aside or correct sentence. Dkt. No. 1. The petitioner seeks to vacate, set aside or correct the sentence imposed by the court in the above-referenced criminal case.

This order screens the petition under Rule 4 of the Rules Governing §2255 Proceedings. Rule 4(b) requires the court "who receives the motion" to "promptly examine it." "If it plainly appears from the motion, any attached exhibits, and the record . . . that the [petitioner] is not entitled to relief," the court "must dismiss the motion." Id. Title 28 U.S.C. §2255 makes "collateral

1

relief" available to a federal prisoner. Boyer v. United States, 55 F.3d 296, 298 (7th Cir. 1995) (citations omitted). "Relief is available if a prisoner can demonstrate that there are flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." Id. (citing Bischel v. United States, 32 F.3d 259, 263 (7th Cir. 1994)). See also 28 U.S.C. 2255(a) (A district court may grant relief if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.").

The petitioner's history with this court began with his criminal case, United States v. Nicksion, Case No. 05-CR-146. On October 9, 2009, the court sentenced Nicksion to 480 months imprisonment and five years of supervised release. Dkt. Nos. 623 and 625. On October 30, 2009, Nicksion filed a notice of appeal of the final judgment. Dkt. No. 628. On December 9, 2010, the Seventh Circuit Court of Appeals affirmed the judgment of the district court. Dkt. No. 681.

On March 13, 2012, the petitioner filed a motion to vacate under 28 U.S.C. §2255. Dkt. No. 701. The court interpreted that motion to vacate as a petition for relief under 28 U.S.C. §2255, and opened a civil *habeas* case. See Nicksion v. United States, Case No. 12-CV-240; Dkt. No. 1. On April 9, 2015, the court screened the petition, ordered the government to respond, and set a briefing schedule. Dkt. No. 2. On January 28, 2015, the court denied the

2

motion to vacate the sentence, dismissed the case, and declined to issue a certificate of appealability. Dkt. Nos. 14 and 15. On March 3, 2015, the petitioner filed a notice of appeal, Dkt. No. 16, and the appeal remains pending before the Seventh Circuit Court of Appeals. See Nicksion v. United States, Case No. 15-1433 (7th Cir.).

As noted above, the petitioner filed the instant case on September 22, 2015. Dkt. No. 1. The September 22, 2015 petition alleges that the petitioner has obtained "newly discovered evidence, demonstrating the perpetration of fraud upon this Court." Dkt. No. 1 at 4.

This is the petitioner's second, or successive, motion to vacate, set aside or correct the sentence filed pursuant to 28 U.S.C. §2255. Nicksion v. United States, Case No. 15-CV-1143; Dkt. No. 1. Section 2255 prohibits "second or successive motion[s]" unless they are

> certified . . . by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255(h).

The petitioner did not seek permission from the court of appeals before filing this petition, and therefore the court must dismiss the case for lack of jurisdiction. United States v. Wilburn, No. 14-C-717, 2014 WL 2807539 at *2

3

(E.D. Wis. June 20, 2014) (citing Nuñez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)). If the petitioner plans to request permission from the Seventh Circuit Court of Appeals to file a successive petition, he should review the Seventh Circuit's Rule 22.2, which lays out the requirements for such a petition. The court will attach the text of that rule to this order.

The petitioner may wish to appeal this court's dismissal of his September 22, 2015 pleading. To do so, he must obtain a certificate of appealability from the district court or the court of appeals. Fed. R. App. P. 22(B); 28 U.S.C. §2253(c)(1). "That is true even when a movant is appealing from the dismissal of an unauthorized second or successive motion." Wilburn, 2014 WL 2807539 at *2 (citing Sveum v. Smith, 403 F.3d 447, 448 (7th Cir. 2005)). This court declines to issue a certificate of appealability, because it concludes that no "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). See also 28 U.S.C. §2253(c). The plaintiff may, if he chooses to do so, seek a certificate of appealability from the Seventh Circuit Court of Appeals under Fed. R. App. P. 22. See also Rule 11 of the Rules Governing §2255 Proceedings.

The court **ORDERS** that the September 22, 2015 motion to vacate, set aside or correct sentence (Case No. 15-CV-1143) is **DISMISSED** for lack of jurisdiction (Dkt. No. 1). The court directs the clerk of court to enter judgment

accordingly. The court also **DECLINES** to issue a certificate of appealability.

Dated in Milwaukee, this 2nd day of October, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge